IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| VICKY J. MCKIMMEY, | ) | 4:06CV3138 |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| BRIAN STOBBE, in his individual and official capacities, NICOLE STOBBE, in her individual and official capacities, and MERRICK COUNTY, NEBRASKA, | ) | |
| Defendants. | ) | |

This case raises a 42 U.S.C. § 1983 claim based upon alleged deliberate indifference to a pretrial detainee's medical needs. It is before the court upon a motion by Brian Stobbe and Nicole Stobbe to dismiss the amended complaint (filing 34) and a motion by Merrick County, Nebraska requesting that the motion to dismiss and supporting materials be deemed to have been filed on its behalf as well as that of the Stobbes (filing 42).

The amended complaint alleges that the plaintiff suffered a severe injury to her shoulder at the time of her arrest which caused severe pain. For purposes of a motion to dismiss, this is a sufficient allegation of an objectively serious medical condition. Coupled with the other allegations of the complaint, this allegation is sufficient to state a claim for deliberate indifference to serious medical needs in violation of 42 U.S.C. § 1983.[1]

---

[1]Although the plaintiff was a pretrial detainee and not a prison inmate, the parties agree that the deliberate indifference standard which governs the claims of convicted prison inmates for deprivation of medical care is applicable to the claims

The individual defendants assert that they have qualified immunity from this suit because the complaint fails to allege Brian and Nicole Stobbe knew of her shoulder injury or pain or knew that this condition created a serious risk of harm without immediate medical treatment. I briefly review the relevant allegations[2], all set forth in paragraph 9 of the Amended Complaint (filing 28).

* The plaintiff was arrested by Brian Stobbe, a Merrick County law enforcement officer, and at the time of arrest she severely injured her left shoulder. She informed Brian Stobbe of the injury and accompanying severe pain. (¶ 9 b,c.)

* After arrest, the plaintiff was immediately transported to the Merrick County jail and incarcerated. (¶ 9 d.) Nicole Stobbe was then the prison matron. (Amended Complaint, ¶ 5.)

* When she was first incarcerated, the plaintiff informed Brian and Nicole Stobbe that she had a shoulder injury and severe pain, and the Stobbes knew there was an excessive risk of serious harm to her health if she did not receive medical assistance. (¶ 9 e,f,g.)

* As part of their job duties, the Stobbes had a duty to assist injured inmates, which included the obligation to ensure transportation of injured inmates to medical professionals for treatment. (¶9 h,n.)

* The Stobbes failed to provide or obtain medical assistance for twenty-four hours after the plaintiff's arrival at the jail despite their knowledge of risk of serious harm from her injury if she did not receive treatment. (¶ 9 I.)

---

before me. ( Filing 35, Ds.' Br. in Supp. at 3; Filing 40, P.'s Br. in Resp. at 3-4.)

[2]Unless otherwise noted, all citations refer to paragraph 9 of the Amended Complaint (filing 28), which I hereafter cite as "¶ 9 _."

* Approximately twenty-four hours after the plaintiff's arrival at the jail, she was taken to see, and treated by, a physician's assistant. She was placed in a shoulder brace and told to return in less than two weeks (the arrest occurred on June 18, 2002, and the plaintiff was advised to return before the end of June). (¶ 9 b,k,l.)

* The plaintiff was still incarcerated in the Merrick County jail through and for some time after August 15, 2002. Although the plaintiff told the Stobbes that she was still in pain at the end of June and had been advised to present to the physician's assistant for a check-up before the end of June, the Stobbes failed to timely transport her to her follow-up visit to the physician's assistant and knew or should have known that this failure would cause increased injury. (¶ 9 o-t.)

* The plaintiff did not receive additional medical treatment until August 15, 2002. She was then taken to the same physician's assistant, who prescribed pain medication and told the Stobbes that she had prescribed pain medication for the plaintiff. (¶ 9 u-v.)

* The Stobbes gave the pain medication to the plaintiff, witnessed her ingest it, and were aware when the initial prescription ran out. Despite their knowledge that the plaintiff had been advised to continue taking the pain medication and that there was a risk of serious medical harm to the plaintiff if the prescription was not refilled, the Stobbes failed to obtain a refill of the pain medication prescription. (¶ 9 v-z.)

* Implicit in the complaint is the assertion that the delay in receiving initial medical treatment, the delay in obtaining a follow-up medical visit, and the failure to permit refill of the plaintiff's pain medication caused serious injury to the plaintiff.

Qualified immunity is an affirmative defense that "will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint." Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996) (internal citation omitted). The facts set forth above are somewhat implausible, but if true, they are sufficient to defeat the Stobbes' defense of qualified immunity on this motion to dismiss. They allege

-3-

"deliberate indifference" to the plaintiff's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-07 (1976). They allege the necessary objective and subjective components. Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998) (objective element requires deprivation which is sufficiently serious, which includes incarceration under conditions posing substantial risk of serious harm); Camberos v. Branstead, 73 F.3d 174, 176 (8th Cir. 1995) (a medical need is "serious" if it "has been diagnosed by a physician as requiring treatment") (internal citation omitted); Farmer v. Brennan, 511 U.S. 825, 837 (1994) (subjective component established if official is both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and also draws that inference).

As the complaint before me does not establish immunity on its face, I will deny the motion to dismiss on the ground of qualified immunity. This does not preclude a later motion for summary judgment reasserting qualified immunity.

The amended complaint added Merrick County, Nebraska as a named defendant. The defendants have filed a motion stating that they overlooked the addition of a Merrick County as a defendant in the amended complaint and have filed a motion requesting that the court deem that the motion to dismiss and related briefs were also filed on behalf of Merrick County (filing 42). I will grant that motion.

IT IS ORDERED:

1. The motion to dismiss the amended complaint (filing 34) is denied without prejudice to filing of a properly supported motion for summary judgment; and

2. The motion to dismiss the amended complaint and briefs regarding that motion (filings 28, 35, and 41) submitted by defendants Brian and Nicole Stobbe shall be deemed to also have been filed on behalf of

Merrick County, and the Clerk of the United States District Court for the District of Nebraska shall make entries in the court's CM/ECF system to reflect that those filings were also made on behalf of Merrick County, Nebraska.

December 1, 2006                        BY THE COURT:

                                                   *s/Richard G. Kopf*
                                                   United States District Judge