IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA


| | | |
|---|---|---|
| VICKEY J. McKIMMEY, | ) | 4:06CV3138 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BRIAN STOBBE, in his individual | ) | |
| and official capacities; NICOLE | ) | |
| STOBBE, in her individual and | ) | |
| official capacities; and MERRICK | ) | |
| COUNTY, NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

Vicky J. McKimmey, a state prisoner, alleges that she received a shoulder injury on June 19, 2002, when she was arrested by Brian Stobbe of the Merrick County Sheriff's Department. McKimmey also alleges that Brian Stobbe and Nicole Stobbe, an employee at the Merrick County jail, repeatedly denied her access to medical treatment for the injury while she was detained at the jail, between June 19 and September 24, 2002. McKimmey seeks to recover compensatory and punitive damages from these individuals and from Merrick County (based on failure to train and unconstitutional custom theories) under 42 U.S.C. § 1983.

The defendants have filed a motion for summary judgment and allege that McKimmey failed to exhaust available administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). It is undisputed that McKimmey never filed a grievance with the Merrick County jail regarding the alleged lack of medical care, but McKimmey argues as a matter of law that the PLRA's exhaustion requirement does not apply in this case.

There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court. Jones v. Bock, 127 S.Ct. 910, 918-919 (2007) (although holding that failure to exhaust is an affirmative defense under the PLRA). Indeed, a prisoner must exhaust administrative remedies even where the relief sought—as in this case, monetary damages—is not available in grievance proceedings. See Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006) (citing Booth v. Churner, 532 U.S. 731, 734 (2001)). The PLRA does not define "prison conditions" in relation to the exhaustion requirement, but the Supreme Court has held that the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

McKimmey's amended complaint could be liberally construed to allege that Brian Stobbe used excessive force during McKimmey's arrest at a motel, causing her to suffer a shoulder injury. Such a claim would not concern "prison conditions" and would not be subject to the PLRA's exhaustion requirement. See, e.g., Brewer v. Philson, 2007 WL 87625, *2 (W.D.Ark. 2007) (PLRA's exhaustion requirement did not apply to plaintiff's claim that excessive force was used against him at the scene of his arrest); Roach v. Bandera County, 2004 WL 1304952, *4 (W.D.Tex. 2004) (plaintiff's complaint that excessive force was used during his arrest at a motel was not covered by the PLRA's exhaustion requirement). McKimmey, who is represented by counsel, does not argue that such a claim has been alleged. To the contrary, McKimmey only argues that "[h]ere, the issue is whether jail officials violated 42 U.S.C. § 1983[,]" and that "[d]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . that states a cause of action under § 1983." (Filing 69, at 7.) Similarly, when the defendants filed a motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted, McKimmey only argued that she had "sufficiently pleaded facts to establish that Defendants knew of, yet disregarded, an excessive risk to the Plaintiff's health." (Filing 40 at 8.) I therefore construe the amended complaint to claim only that the defendants were

deliberately indifferent to McKimmey's medical needs after she was booked into the county jail.[1]

McKimmey offers three reasons why the PLRA's exhaustion requirement should be held not to apply to this "prison conditions" claim: (1) she has not been an inmate at the Merrick County jail since September 24, 2002, and it would be futile to require her to submit a grievance to the jail at this time; (2) there was no need for her to file a grievance while housed at the jail because she submitted numerous requests for medical care, and, in any event, the defendants had an affirmative duty to provide her with adequate medical care; and (3) she was not a "prisoner" in the jail because she had not been convicted of a crime. None of these arguments have merit.

McKimmey correctly observes that the PLRA's exhaustion requirement "does not apply to plaintiffs who file § 1983 claims after being released from incarceration." Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005). However, when McKimmey filed this action, she was an inmate in the Nebraska Department of Corrections and was incarcerated at the Community Correctional Center in Lincoln, Nebraska (where she remains incarcerated today). In other words, this action is brought "by a prisoner confined in . . . [a] correctional facility." See 42 U.S.C. § 1997e(a). By its terms, the PLRA's exhaustion requirement is not limited to actions respecting prison conditions at the prisoner's current place of confinement. See, e.g., Gonyea v. Mink, 206 Fed. Appx. 745, 746-747, 2006 WL 3291702, *1 (10th Cir. 2006) (not selected for publication) (state inmate who filed § 1983 action asserting his constitutional rights were violated when members of the county sheriff's office assaulted him upon intake at the county detention facility failed to exhaust his administrative remedies by filing a grievance with the county); Edmonds v. Horton, 113 Fed. Appx. 62, 64, 2004 WL 2203575, *2 (6th Cir. 2004) (not selected for publication) (state prisoner was required to exhaust administrative remedies as to his § 1983 claim against a county jail official

---

[1] There is no allegation that Brian Stobbe violated McKimmey's rights by not seeking medical treatment for McKimmey's injury before transporting her to jail.

for failing to provide prisoner with mental health treatment); <u>Medina-Claudio v. Rodriguez-Mateo</u>, 292 F.3d 31, 35 (1st Cir. 2002) (the fact that the plaintiff happened to be a prisoner in various locations, and under the custody of different officials, did not affect his obligation to exhaust his administrative remedies before filing suit).

While this result may seem counterintuitive, it is consistent with the purposes of the Prison Litigation Reform Act. "The policy behind the PLRA was to deter suits by inmates who are very quick to litigate 'simply because they have little to lose and everything to gain.' 141 Con. Rec. S7524 (daily ed. May 25, 1995) (statement of Sen. Dole). The PLRA was designed to discourage the initiation of litigation by a certain class of individuals—prisoners—that is otherwise motivated to bring 'frivolous complaints as a means of gaining a short sabbatical in the nearest Federal courthouse.' 141 Con. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl). Congress therefore fully intended to distinguish between those who are 'prisoners' when they decide whether to file a complaint and those who are not." <u>Doe By and Through Doe v. Washington County</u>, 150 F.3d 920, 924 (8th Cir. 1998).

The defendants have presented evidence that a grievance procedure was available to McKimmey while she was incarcerated at the Merrick County jail, and even afterward.[2] They have also shown that McKimmey was issued a prisoner handbook that explained the grievance procedure, and that she was provided with grievance forms. McKimmey does not allege that she was prevented in any way from filing a grievance while at the jail. In fact, the evidence shows that McKimmey filed two grievances, neither of which was concerned with medical care. McKimmey argues that it would be a futile act for her to file a grievance after leaving the jail, but "§ 1997e(a), as amended by the PLRA, completely precludes a futility exception to its mandatory exhaustion requirement." <u>Nyhuis v. Reno</u>, 204 F.3d 65, 71 (3rd Cir.

---

[2] The Merrick County Sheriff states in an affidavit that "Ms. McKimmey could have submitted a grievance to the Merrick County Jail following her transfer to the Nebraska Department of corrections, . . .." (Filing 61, Exhibit 6, ¶ 34.)

2000). That is, "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth, 532 U.S. at 741 n. 6.

McKimmey next argues, without citation of any legal authority, that the nature of her claim (i.e., the denial of medical treatment) should excuse her from complying with the exhaustion requirement. However, the Eighth Circuit has held that a § 1983 action alleging that a county jail inmate did not receive adequate medical care is subject to the PLRA's exhaustion requirement. See Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000) (directing district court to dismiss prisoner's complaint without prejudice for failure to exhaust administrative remedies).

Finally, McKimmey alleges in her amended complaint, but does not attempt to argue in her brief, that "[s]ince Plaintiff's injuries occurred previous to her criminal conviction, Plaintiff is not required to exhaust her administrative remedies prior to bringing this lawsuit." (Filing 28, ¶ 8.) The simple response to this argument is that the term "prisoner" is defined in the PLRA to include not only a convicted criminal who is serving a sentence, but also "any person . . . detained in any facility who is accused of . . . violations of criminal law . . . ." 42 U.S.C. § 1997e(h). The courts have consistently applied the PLRA's exhaustion requirement to claims involving pretrial detainees.

Accordingly,

IT IS ORDERED that the defendants' motion for summary judgment (filing 60) is granted. Judgment will be entered by separate document.

June 6, 2007.                    BY THE COURT:

                                 s/ *Richard G. Kopf*
                                 United States District Judge